UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE PAIGE CARLSON,<br><br>            Plaintiff,<br><br>     v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>            Defendant. | Case No.  1:23-cv-00451-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 16, 20) |

**INTRODUCTION**

Plaintiff Melanie Paige Carlson ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on Plaintiff's motion for summary judgment and the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 7, 9, 10.)

1

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will deny Plaintiff's motion for summary judgment and affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income on March 27, 2020. AR 10, 194-203, 204-05.[3]  Plaintiff alleged that she became disabled on July 26, 2014, due to traumatic brain injury, back injury, bipolar disorder type 2, OCD, and degenerative arthritis. AR 217. Plaintiff's applications were denied initially and on reconsideration. AR 130-34, 136-39, 143-47, 149-53. Subsequently, Plaintiff requested a hearing before an ALJ. On January 7, 2022, ALJ Anthony J. Johnson, Jr. held a telephonic hearing. Plaintiff appeared at the hearing with her attorney, Amanda Foss. AR 35. Following the hearing, ALJ Johnson issued an order denying benefits on March 1, 2022. AR 7-22, 33-73. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Relevant Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 10-22. Specifically, the ALJ determined that Plaintiff had not engaged in substantial activity since July 26, 2014, her alleged onset date. AR 12-13. The ALJ identified the following severe impairments: asthma, obesity, degenerative disc disease, osteoarthritis, and a depressive disorder. AR 13. The ALJ determined that

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 13-16.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, or crawl. She could not tolerate exposure to concentrated vibration, heat, cold, humidity, or wetness. She also could not tolerate exposure to concentrated hazards such as unprotected heights or moving machinery. She was limited to understanding, remembering, and carrying out simple and routine work-related instructions. She could concentrate for period of two hours on work-related tasks and could occasionally work with the general public, coworkers, and supervisors. She could perform non-production pace, non-assembly line pace jobs with occasional workplace changes introduced gradually over time. She could tolerate occasional decision-making with no responsibility for the safety of others. She also occasionally would require the use of a cane to ambulate to and from, and move about the workspace, but could stand without assistance. AR 16-19. With this RFC, the ALJ found that Plaintiff could not perform her past relevant work, but there were other jobs in the national economy that Plaintiff could perform, such as sorter, laundry folder, and garment tagger. AR 19-21. The ALJ therefore concluded that Plaintiff had not been under a disability from July 26, 2014, through the date of the decision. AR 21.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the

evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff contends that the ALJ's mental RFC determination is not supported by substantial evidence because the ALJ failed in his duty to further develop the record and obtain a consultative psychiatric evaluation. (Doc. 16 at pp. 13-17.) Plaintiff also contends that the ALJ erred by failing to evaluate Plaintiff's anxiety disorder at step two of the sequential evaluation. (*Id.* at pp. 17-19.)

**A. Duty to Develop the Record and Obtain Consultative Examination**

Plaintiff asserts that the ALJ failed his duty to further develop the record, which rendered the RFC determination legally insufficient.

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

counsel." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The ALJ's duty to "conduct an appropriate inquiry" is triggered only where evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence. *Id.*; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff first contends that the ALJ's duty to develop the record was triggered because the state agency psychiatric consultants determined that "there was insufficient evidence of Plaintiff's mental impairments" and, therefore, "no medical opinions were offered as to the impact of Plaintiff's mental impairments on her functionality." (Doc. 16 at p. 14.) Plaintiff's argument is not wholly persuasive. The record demonstrates that the state agency consultants evaluated Plaintiff's mental impairments for purposes of both disability insurance benefits (with a date last insured of June 30, 2016), and supplemental security income. AR 74-85, 86-97, 100-12, 113-25. With respect to disability insurance benefits, in July and October 2020, the state agency consultants determined that there were no available mental health records prior to Plaintiff's date last insured and, therefore, there was insufficient evidence to substantiate the presence of a depressive, bipolar or related disorders or for anxiety or obsessive-compulsive disorders.[5] AR 79-80, 91-92, 106, 119. With respect to supplemental security income, the state agency consultants did not conclude that there was insufficient evidence to substantiate a disorder. Rather, they determined that Plaintiff had medically determinable mental impairments and they thus considered the paragraph B areas of mental functioning, identifying only mild limitations and opining that Plaintiff's impairments were non-severe. AR 80, 92, 106-07, 119-20.

Contrary to Plaintiff's suggestion, the state agency psychiatric consultants evaluated the impact of Plaintiff's mental impairments on her functionality for purposes of supplemental security income, but found her not particularly limited. Although the ALJ found those opinions "not persuasive," (AR 19), and determined that Plaintiff had a severe mental impairment warranting nonexertional limitations (AR 13, 16-19), it is not accurate to say that no mental health professional provided a basis for the

---

[5] To be entitled to disability insurance benefits, Plaintiff had to establish disability while still insured for benefits, i.e., before June 30, 2016 (AR 12). *See* 42 U.S.C. §§ 416(i), 423(a); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (DIB claimant must prove she is disabled before her insured status expired).

1  RFC determination. *See*, *e.g.*, *James N. v. Saul*, ED CV 18-1199-KS, 2019 WL 3500332, at *7 (C.D. Cal. Jul. 31, 2019) (rejecting argument that ALJ was required to obtain evidence from additional medical sources to support the RFC determination where ALJ found the state agency psychiatrists' opinions to be insufficiently restrictive, noting "[i]t is inaccurate to say under these circumstances that no mental health professional provided a basis for the ALJ's RFC determination or that the ALJ made such a determination out of whole cloth").

Plaintiff next argues that the ALJ erred by failing to obtain a medical opinion for the purpose of reviewing additional medical records submitted by Plaintiff's counsel shortly before the administrative level hearing (and presumptively after the state agency medical consultants rendered their opinions in July and October 2020). (Doc. 16 at pp. 14-15.) Generally, an ALJ's duty to develop the record is not triggered merely because additional medical evidence is received after the state agency physicians complete their review. *See Rocha v. Comm'r of Soc. Sec.*, No. 1:20-cv-00613-CDB (SS), 2023 WL 4747689, at *8 (E.D. Cal. July 25, 2023) ("An updated opinion is not required simply because additional medical evidence is received after the State agency physicians had already reviewed Plaintiff's records."); *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *8 (E.D. Cal. Oct. 28, 2020) (same). "ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination." *Keyes v. Comm'r of Soc. Sec.*, No. 1:21-cv-01779-EPG, 2023 WL 2166917, at *2 (E.D. Cal. Feb. 22, 2023) (quoting *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) (unpublished)).

Plaintiff suggests that the duty to develop the record was triggered by subsequent medical records because they reflected a change, i.e., "exacerbations of Plaintiff's bipolar disorder and anxiety disorder." (Doc. 16 at pp. 14-15.) It is not evident to the Court that records cited by Plaintiff in her briefing support her position of a worsening condition such that it required an updated medical opinion. For example, Plaintiff cites to records of her August 2017 hospitalization due to a suicide attempt and involuntary psychiatric hold. (Doc. 16 at p. 15, citing AR 1180, 1191-96.) However, medical records available and considered by the state agency psychiatric consultant on reconsideration included information identifying Plaintiff's August 2017 hospitalization. *See*, *e.g.*, AR 104, 117 ("2017 hospital for SI"); *see also* AR 307 ("Bakersfield Hospital in Aug 2017 for SI"). The ALJ also

6

considered records of Plaintiff's August 2017 hospitalization, acknowledging that Plaintiff engaged in self-harm in response to stressful situations like social conflict. AR 17, citing AR 1194 (Ex. 9F at p. 18). The ALJ concluded that Plaintiff's attempts at self-harm supported mental accommodations in the RFC. AR 18.

Plaintiff also cites to certain treatment records from Dr. Nirmal Brar reflecting increasing depression and anxiety with corresponding increases in the dosage of her medications in 2020 and 2021. (Doc. 16 at pp. 14-15, citing AR 1273 [5/30/20 increased depression, including waking up depressed and spending a lot of days in bed, for which Cymbalta dosage was increased], 1252 (Ex. 10F, p. 35) [5/6/21 increase in anxiety and depression], 1249 (Ex. 10F, p. 32) [6/8/21 increase in depression and anxiety with a panic attack two days prior, for which Vraylar dosage was increased], 1246-1248 (Ex. 10F, pp. 29-31) [6/23/21 treatment note reflecting second increase of Vraylar medication that month due to Plaintiff's feelings of being overwhelmed]). To the extent Plaintiff relies on records from May 2020 (AR 1273), those records do not support her position of a worsening condition subsequent to the time the state agency psychiatric consultants rendered their opinions. As previously indicated, the state agency psychiatric consultants rendered an initial opinion in July 2020 and a reconsideration opinion in October 2020.

With respect to the remaining records from May and June 2021, Plaintiff appears to overstate their contents. Though Plaintiff claims the records illustrate two medication increases, the cited records appear to identify only one quantitative increase in her medication dosage. *Compare* AR 1247 (6/23/21 treatment note stating "INCREASE Vraylar 4.5 mg 1 po qhs") *with* AR 1250 (6/8/21 treatment note stating "INCREASE Vraylar 4.5 mg 1 po qhs"). Plaintiff does not point to later treatment records reflecting additional issues or increases. There also is no suggestion that the ALJ failed to consider the cited records. Indeed, the ALJ expressly referenced treatment records from both May 6, 2021, and June 8, 2021, including records identifying the increase in Plaintiff's medication dosage. AR 17, citing Ex. 10F at pp. 33, 36, 39. Importantly, there is no indication that any of these later records required a physician to interpret the data or were not "self-evident." *See Escudero v. Comm'r of Soc. Sec.*, No. 1:18-cv-01136-EPG, 2019 WL 4917634, at *2 (E.D. Cal. Oct. 4, 2019) (finding the ALJ improperly failed to develop the record where some of the medical evidence post-

dating the opining physicians' assessments "appear[ed] to be very medical in nature and not susceptible to a lay understanding.").

Plaintiff next argues that the ALJ's RFC determination was flawed. (Doc. 16 at pp. 15-16.) In so arguing, Plaintiff faults the ALJ for failing to obtain a psychiatric consultative examination. (*Id.* at p. 16 ["There was no psychiatric consultative examination ordered by the Agency or the ALJ. It appears that the ALJ defined her own limitations for Ms. Carlson . . . ."].) However, it is Plaintiff's burden to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a) ("[Y]ou have to prove to us that you are ... disabled ...."), 416.912(a) (same); *Harrison v. Saul*, No. 1:19-cv-01683-BAM, 2021 WL 1173024, at *5 (E.D. Cal. Mar. 29, 2021). Plaintiff failed to submit any medical opinions from a treating or examining physician as to her ability to work or her functional limitations. Because it is Plaintiff's burden to present evidence of disability, the mere absence of an opinion from an examining physician does not give rise to a duty to develop the record; rather, that duty is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); *see also Hogan v. Kijakazi*, No. 1:20-cv-01787-SKO, 2022 WL 317031, at *10 (E.D. Cal. Feb. 2, 2022) (noting no "rule of general applicability that an ALJ must obtain an examining opinion in every case before rendering an RFC determination"); *Harrison*, 2021 WL 1173024, at *5-6. (concluding absence of report from treating or examining source did not give rise to duty to develop the record where record contained opinions of state agency physicians and plaintiff's complete treatment records).

In this instance, there is no indication that the record was ambiguous or inadequate to allow for proper evaluation. The record included Plaintiff's testimony and the prior administrative findings of the state agency psychiatric consultants, both of which were summarized by the ALJ. AR 17, 19 And, the ALJ left the record open after to the hearing for the receipt of podiatry records. AR 38. Upon

submission of those records, Plaintiff's counsel confirmed that there were "no more records left outstanding." AR 1277.  Absent any inadequacy or ambiguity in the record, the ALJ had no duty to further develop the record.  *See*, *e.g.*, *Gonzalez v. Kijakazi*, No. 1:21-cv-01676-SKO, 2023 WL 6164086, at *6 (E.D. Cal. Sept. 21, 2023) (finding ALJ had no duty to develop the record further where counsel conceded at the hearing that record contained plaintiff's complete treatment records and no gaps or inconsistencies were noted); *accord Findley v. Saul*, No. 1:18-cv-00341-BAM, 2019 WL 4072364, at *6 (E.D. Cal. Aug. 29, 2019) (finding ALJ not obligated to further develop the record where counsel stated at the hearing that the record was complete).

      Plaintiff also suggests that the ALJ impermissibly defined his own limitations for Plaintiff in the RFC without the support of a medical opinion.  (Doc. 16 at pp. 16-17.)  An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all of the relevant medical in your case record.").  Indeed, "[t]he RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence." *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022); *Gonzalez*, 2023 WL 6164086, at *6 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), ("The nature of the ALJ's responsibility is to interpret the evidence of record, including medical evidence."); *Mills v. Comm'r of Soc. Sec.*, No. 2:13-cv-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[B]ecause it is the ALJ's responsibility to formulate an RFC that is based on the record *as a whole*, ... the RFC need not exactly match the opinion or findings of any particular medical source.").  Here, the ALJ did not improperly substitute his own opinion for a medical opinion.  Rather, the ALJ considered the opinions of the state agency psychiatric consultants, Plaintiff's allegations concerning her disability, and Plaintiff's complete treatment records.  AR 16-19.  The ALJ found that the state agency physicians' opinions were unpersuasive based on Plaintiff's attempts at self-harm and her allegations of memory problems, variable concentration, not tending to her personal hygiene, and engaging in self-harm in response to stressful situations.  AR 17, 19.

      For these reasons, the Court finds that the ALJ did not fail in his duty to develop the record.

**B. Plaintiff's Anxiety Disorder**

Plaintiff argues that the ALJ failed to evaluate her anxiety disorder at step two of the sequential evaluation. (Doc. 16 at p. 19.)

At step two of the five-step sequential evaluation, the ALJ is required to determine whether a plaintiff has a "severe" medical impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment, or combination of impairments, can be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993). A claimant bears the burden of proving that an impairment is disabling. *Id.* (citation omitted).

"Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill,* 869 F.3d 1040, 1048 (9th Cir. 2017), citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987). "It is not meant to identify the impairments that should be taken into account when determining the RFC . . . . The RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original). Any error in failing to include an impairment at step two is harmless if the ALJ considered any limitations imposed by the impairment in subsequent steps of the analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."); *Morrison v. O'Malley*, No. 1:22-CV-01559-SKO, 2024 WL 21558, at *6 (E.D. Cal. Jan. 2, 2024) (explaining failure to include an impairment in the step two analysis is harmless if the ALJ considers the functional limitations that flow from said impairment in subsequent steps of sequential evaluation).

At step two of the sequential evaluation, the ALJ identified Plaintiff's depressive disorder, but not an anxiety disorder, as a severe impairment. AR 13. Nevertheless, in assessing Plaintiff's RFC, the ALJ considered Plaintiff's functional limitations flowing from her mental impairments, including Plaintiff's allegations of memory problems, variable concentration, not tending to her personal hygiene, and engaging in self-harm in response to stressful situations. AR 17. Further, the relevant

10

treatment records reviewed by the ALJ in assessing the RFC included Plaintiff's reports of anxiety. AR 17, citing, e.g., AR 1095, 1101, 1106 (Ex. 8F at pp. 26, 32, 37), 1194 (Ex. 9F at p. 18), 1250, 1253 (Ex 10F at pp. 33, 36).  The Court therefore finds that any error in failing to include anxiety as a severe impairment at step two is harmless because the ALJ considered any limitations posed by her anxiety at subsequent steps of the sequential evaluation.

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. 16) is DENIED;
2. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is DENIED; and
3. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Melanie Paige Carlson.

IT IS SO ORDERED.

Dated:   **February 29, 2024**          /s/ *Barbara A. McAuliffe*          _
                                       UNITED STATES MAGISTRATE JUDGE